[Crim. No. 10850. Second Dist., Div. Two. Sept. 26, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES RICHARD WELLS, Defendant and Appellant.

Marshall K. Gordon, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Edward J. Hanessian, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant, a previously convicted felon, appeals from the judgment entered following a nonjury trial convicting him of possessing a concealable weapon in violation of section 12021 of the Penal Code.[1]

On September 25, 1964, two Los Angeles police officers and a state narcotic agent entered and searched an apartment in Los Angeles pursuant to the authority of a search warrant. The affidavit upon which the warrant was issued set forth

---

[1]At the time of trial herein section 12021 of the Penal Code provided: "Any person who is not a citizen of the United States and any person who has been convicted of a felony under the laws of the United States, of the State of California, or any other state, government, or country, or who is addicted to the use of any narcotic drug, who owns or has in his possession or under his custody or control any pistol, revolver, or other firearm capable of being concealed upon the person is guilty of a public offense, and shall be punishable by imprisonment in the state prison not exceeding five years, or in a county jail not exceeding one year or by a fine not exceeding five hundred dollars ($500), or by both.''

sources of information to the effect that appellant was engaged in selling heroin at said apartment which was identified by its number and street address. The search failed to produce any heroin although the officers "found a lot of paraphernalia used in packaging heroin, found a considerable quantity of balloons, milk sugar, measuring spoons, all the paraphernalia used in packaging."

However, during the course of the search the officers did find and seize $1,000 in cash and a loaded .38 caliber revolver.[2] The revolver was found in a dresser drawer containing men's and women's clothing and located a few feet from the bed in which appellant was found sleeping when the officers entered.

Appellant contends that the affidavit for issuance of the search warrant failed to set forth facts showing probable cause for the issuance of said warrant and therefore the revolver seized during the search was the product of an illegal search and not admissible into evidence. Appellant further contends that the facts upon which the warrant was issued, as revealed by the testimony received at the hearing on the motion to quash the search warrant, do not show probable cause for the issuance of said warrant. The affidavit upon which the warrant was issued reads as follows:

"Your affiant has been a member of the Los Angeles Police Department for the past eighteen and a half years and during the past nine years has been assigned to the narcotics squad and has testified in Municipal and Superior Courts as an expert on the subject of narcotic law enforcement.

"Affiant has information from an informant whose identity he wishes to keep secret to preserve his safety and usefulness to law enforcement. In the opinion of affiant, this informant is reliable since the informant has never given your affiant information which has proved in any way untrue and on July 23, 1963, informant gave your affiant information which resulted in the arrest and conviction of a person for a narcotic offense. Your affiant has also talked to Sergeant George Horskotte, L.A.P.D., on September 14, 1964, who told your affiant that in October, 1962, he had received information from this same informant which he relied upon and which enabled him to make an arrest of a person for a narcotic offense which resulted in the conviction of said person.

"On about September 8, 1964, this said informant told your

---

[2]The municipal court subsequently ordered the cash released to appellant although the record indicates federal authorities had previously taken possession of it.

affiant that the said person, James Richard Wells, who informant identified by a police photograph, was known to informant as 'Skip', was currently dealing in heroin at Apartment 3 in the apartment house at 2130, Sixth Avenue, Los Angeles. The term 'dealing heroin' in the parlance of the narcotic underworld means to possess for sale and sell heroin.

"On September 14, 1964, another informant, whose identity affiant wishes to keep secret, told affiant that James Richard Wells, who he identified by a photograph as the person known to him as 'Skip' was dealing in heroin in the Apartment 3 at 2130 Sixth Avenue, Los Angeles. This informant is untried, as said informant has never given similar information to police officers previously.

"On September 5, 1964, a fellow officer, Walter E. Burke, LAPD, told affiant that two different untried informants have told him within the last two weeks that said 'Skip' at said address was dealing in heroin.

"Affiant checked the utilities and found James R. Wells registered as the person responsible therefor at the said address of 2130 Sixth Avenue, Apartment 3, for water, power and telephone.

"The police files show that the record of the said James Richard Wells is that he was sentenced to State Prison on November 17, 1960, for Grand Theft. He was released on parole, but parole was canceled on August 2, 1962 and he was returned to State Prison. He was thereafter released, but the record shows that as of July 13, 1964 he has been and still is wanted for a further parole violation. He was arrested for sale of heroin on May 30, 1964, but was later released on this charge.

"Experience of your affiant indicates that dealing in heroin continues day and night and therefore request is made that this warrant be useable day or night."

Initially it should be noted that the fact that appellant was wanted for parole violation at the time of the search herein is not without moment. Unquestionably the police might have effected appellant's arrest and an appropriate search of his residence even without the aid of a search warrant. (Cf. *People* v. *Carrillo,* 64 Cal.2d 387 [50 Cal.Rptr. 185, 412 P.2d 377]; *People* v. *Hernandez,* 229 Cal.App.2d 143 [40 Cal.Rptr. 100], and cases cited therein.)

However, in view of the questions involving ownership of the premises, manner of entry therein, scope and nature of the search conducted, etc., that frequently arise in connection with

the arrest and search of parole violators (*People* v. *Carrillo, supra,* 64 Cal.2d 387; *People* v. *Arellano,* 239 Cal.App.2d 389 [48 Cal.Rptr. 686]), we believe the police are to be commended for their decision to seek authorization from a magistrate before proceeding unilaterally to take appropriate action herein.

Certainly in such a case any problems of interpretation involved in testing the sufficiency of the affidavit supporting the issuance of a search warrant ''are properly laid to rest by considering the affidavit free of any 'grudging or negative attitude' (*United States* v. *Ventresca, supra,* 380 U.S. 102, 108 [85 S.Ct. 741, 13 L.Ed.2d 684, 689]) and by giving it . . . a fair nontechnical reading as a whole.'' (*Galena* v. *Municipal Court,* 237 Cal.App.2d 581, 590 [47 Cal.Rptr. 88].)

Of course, as appellant accurately observes, it has been held in both the state and federal courts that even a tested and reliable informant's bald conclusional statement without any supporting facts is insufficient to sustain the issuance of a search warrant unless such information is otherwise corroborated. (*People* v. *West,* 237 Cal.App.2d 801, 804 et seq. [47 Cal.Rptr. 341], hearing denied.) However, as we were at pains to point out in *West,* it is not always necessary, desirable or even possible that such additional corroboration take the form of a detailed recital of the sources of the reliable informant's knowledge.

In the instant case, as in *West,* appellant's possession of a loaded .38 caliber revolver demonstrates the reasonableness of the officers' conclusion that the identity of their informants should be guarded with scrupulous care. One of the officers also explained their reluctance to undertake a close surveillance of this appellant as follows: ''I felt that until the time we were ready to execute the warrant, knowing persons of Mr. Wells' caliber as a large dealer of narcotics, we like to not try and stake the house or be seen anywhere in the location because I feel that if a man is a big enough dope peddler,[3] if he sees us in the area, someone is going to tell him and it will put him on his guard.''

In the instant case we hold that the probable verity of the information supplied to Officer Northrup by the proven reliable informant was adequately corroborated when another untested informant also identified appellant by photograph as the person known to him as ''Skip'' and as a person who was

---

[3]Upon appellant's motion, the trial court struck the officer's characterization of appellant as a ''dope peddler.''

dealing in heroin at the designated address and when it was shown that two other untested informants had given similar information to a fellow officer. As has been frequently pointed out, the fact that a source of information has not been tested previously does not tend to establish that such source is unreliable. As expressed in *Galena* v. *Municipal Court, supra,* 237 Cal.App.2d 581, 587-588: "In *Willson, supra* [*Willson* v. *Superior Court,* 46 Cal.2d 291 (294 P.2d 36)], the Supreme Court was called upon to determine whether information obtained by the police from an unidentified informant was sufficient in the light of other evidence to establish reasonable cause for making an arrest without a warrant. Relying upon its earlier opinion in *Boyles, supra* [45 Cal.2d 652 (290 P.2d 535)], the court stated that 'evidence must be presented to the court that would justify the conclusion that reliance on the information was reasonable. [Citation.] In some cases the identity of, or past experience with, the informer may provide such evidence [citation], [fn. omitted] and in others it may be supplied by similar information from other sources or by the personal observations of the police.' (46 Cal.2d at pp. 294-295.) In *People* v. *Diggs,* (1958) 161 Cal.App.2d 167, 171 [326 P.2d 194], this court, speaking through Justice Peters, said: 'It is true that an arrest and search are not based on reasonable and probable cause when the only information in the possession of the police is secured from an informant not known by the police to be reliable. [Citation.] But if information is received from such an informant, and *there are substantial corroborating facts known or discovered,* the arrest and search are proper. [Citations.] Each case must be determined on its own facts. The test is, *considering all the information in the hands of the police, would a reasonable police officer act on that information* or would a reasonable officer seek further information before making the arrest and conducting the search.' (Italics added.) While a person whose information has in the past led the police to valid suspects may be a reliable informant [citations] the converse is not true, namely, that *only* those persons furnishing tested information in the past are reliable informants."

 The possibility that even a previously reliable informant might on a later occasion be "merely peddling secondhand gossip" which we noted in *West,* p. 806, is adequately precluded when three other independent sources supply essentially identical information to two different officers on different occasions.

■ Having determined that the affidavit supporting the issuance of the search warrant in the instant case was sufficient, we need devote little attention to appellant's contention that the officer's testimony at the hearing on motion to quash the warrant failed to show probable cause for its issuance. The officer's testimony at the hearing was essentially identical to that set forth in the affidavit. Appellant notes only two possible discrepancies. First, he contends that the officer's testimony indicates that his check of the utilities at the apartment extended only to the telephone and did not include the water and power. Second, the officer testified that the reliable informant had described appellant as a "major supplier of heroin" rather than as a person who "was currently dealing in heroin" as he was characterized in the affidavit. Obviously the suggested discrepancies are minutiae so devoid of significance that they detract nothing from the substance of the evidence which adequately supported and justified the action of the magistrate in issuing the warrant as well as the order denying the motion to quash it.

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied October 17, 1966, and appellant's petition for a hearing by the Supreme Court was denied November 23, 1966.