68 Cal.2d 563 (1968)
THE PEOPLE, Plaintiff and Respondent,
v.
FERNANDO M. FLORES, Defendant and Appellant.
Crim. No. 11946. 
Supreme Court of California. In Bank. 
May 9, 1968.
 Fernando M. Flores, in pro. per., and Ronald S. Tucker, under appointment by the Supreme Court, for Defendant and Appellant.
 Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.
 TOBRINER, J.
 An information charged Fernando Flores and Anita Falcon with violation of Health and Safety Code section 11500.5 (possession of narcotics (heroin) for sale). Defendants waived a jury trial; the court found both guilty. The court further found that defendant Flores had suffered two prior narcotics convictions as charged.pursuant to Penal Code section 1181, subdivision 6, the court reduced the offense as to both defendants to a violation of Health and Safety Code section 11500 (possession of narcotics) and entered judgment accordingly. Defendant Flores appeals.
 Defendant seeks reversal of the judgment on the ground that it rests upon evidence obtained in the course of an illegal search of his apartment; he urges the insufficiency of the affidavit in support of a warrant authorizing the search; he contends that a police officer executed the warrant in violation of Penal Code section 1531. We shall explain why we have concluded that the affidavit set forth facts sufficiently establishing probable cause for the issuance of the warrant and that defendant waived any objection to the officer's manner *565 of entry. We find no merit in defendant's further contention that the trial court committed prejudicial error in failing to delete his codefendant's extrajudicial statement. Accordingly, we affirm the judgment of conviction.
 Officer Burke of the Los Angeles Police Department procured a warrant authorizing him to search defendant Flores, a 1961 car, and an apartment on Novgorod Street for narcotics. On the evening of June 4, 1965, Officer Burke and some other officers detained defendant at a drugstore and searched him and the car; they found no narcotics. The officers advised him of the rights set forth in People v. Dorado (1965) 62 Cal.2d 338 [42 Cal.Rptr. 169, 398 P.2d 361]. [fn. 1] Officer Camacho obtained a key from defendant's person and went to the Novgorod Street apartment. He "inserted [the] key into the door, proceeded into the apartment, and observed the defendant Falcon standing in the kitchen." The officer showed her the search warrant and advised her of her Dorado rights.
 At that time five other police officers brought defendant to the apartment and began to conduct a search. Officer Camacho asked defendant Falcon if she would reveal the location of the narcotics; she replied, "They are in that closet there." [fn. 2] The officers removed a paper bag from the closet; on the bag the words "Paid for, to be picked up" had been written. The bag contained several "rubber-balloon-type objects." Expert testimony established that the balloons contained heroin.
 Defendant stated in response to a question from Officer Camacho that he knew nothing about the bag or its contents. He further stated that he had lived in the apartment for three months and paid half the rent. He then asked Officer Camacho, "Who was the rat?" During the subsequent booking process he said to the officer, "Tell your rat good-bye for me. You would never have gotten me if it hadn't been for him. Why don't you tell me who he is?"
 [1a] We first consider the sufficiency of the affidavit which served as the basis for the magistrate's issuance of the search warrant. The affiant swore that he had received information from informers that heroin could be purchased by calling a certain telephone number and asking for "Ferney" *566 or "Annie" and that the sales were consummated behind a certain store. The affiant and other officers determined that the telephone number was that of the Novgorod apartment; they observed the apartment for several days and saw defendant Flores take several trips in the automobile to the back of the store where he met with other persons. During these trips he made no stops other than behind the store. On one such occasion an officer observed defendant hand a package to another man and receive money from him.
 [2] Even in the absence of an allegation in the affidavit that affiant believed that the informers were reliable, the magistrate may properly issue a warrant on the basis of their information "if the supporting affidavit also recites facts indicating that reliance on the information is reasonable." (People v. Keener (1961) 55 Cal.2d 714, 721 [12 Cal.Rptr. 859, 361 P.2d 587] (disapproved on other grounds, People v. Butler (1966) 64 Cal.2d 842, 844-845 [52 Cal.Rptr. 4, 415 P.2d 819]); Aguilar v. Texas (1964) 378 U.S. 108, 114 [12 L.Ed.2d 723, 728, 84 S.Ct. 1509]; Galena v. Municipal Court (1965) 237 Cal.App.2d 581, 586-588 [47 Cal.Rptr. 88]; see Willson v. Superior Court (1956) 46 Cal.2d 291, 294-295 [294 P.2d 36].)
 [1b] In the instant case the affidavit, in setting forth the police observation of defendant's activities, alleged sufficient facts to establish the basis for reasonable reliance upon the information given the officers. The informers had described the method by which defendant sold narcotics. The officers had seen defendant drive from the apartment to the place of sale named by the informers without stopping. On one occasion, an officer had observed defendant exchange a package for money behind the store. The magistrate could therefore properly conclude that the affidavit established probable cause for his belief that defendant harbored contraband in his apartment. [fn. 3] (Compare United States v. Ventresca (1965) 380 U.S. 102 [13 L.Ed.2d 684, 85 S.Ct. 741]; People v. Wells (1966) 245 Cal.App.2d 203 [53 Cal.Rptr. 762]; People v. Gallardo *567 (1966) 244 Cal.App.2d 105 [52 Cal.Rptr. 777]; People v. West (1965) 237 Cal.App.2d 801 [47 Cal.Rptr. 341]; Galena v. Municipal Court, supra, 237 Cal.App.2d 581, 588-590.)
 [3] Secondly, defendant challenges the trial court's admission of the heroin into evidence because Officer Camacho, in executing the warrant, did not comply with Penal Code section 1531. That section provides: "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute the warrant, if, after notice of his authority and purpose, he is refused admittance."
 The officer's entry by means of defendant's key constitutes a "breaking" within the purview of the statute. (People v. Rosales (1968) ante, pp. 299, 303 [66 Cal.Rptr. 1, 437 P.2d 489]; see People v. Gastelo (1967) 67 Cal.2d 586, 588 [63 Cal.Rptr. 10, 432 P.2d 706].) Defendant, however, did not object at trial to the admission of the evidence on this ground [fn. 4] and has shown no special circumstances which would justify our departure from the ordinary rule that errors not challenged at trial cannot serve as the grounds for reversal on appeal. (People v. Robinson (1965) 62 Cal.2d 889, 894 [44 Cal.Rptr. 762, 402 P.2d 834]; People v. Hyde (1958) 51 Cal.2d 152, 157 [331 P.2d 42]; cf. People v. Kitchens (1956) 46 Cal.2d 260, 262 [294 P.2d 17].) If defendant had appropriately objected, the prosecution might have been able to show that the officer complied with the notification requirements of section 1531 before entering the apartment or that special circumstances justified an unannounced entry. (See People v. Rosales, supra, ante, pp. 299, 305; People v. Gastelo, supra, 67 Cal.2d 586, 588; cf. People v. Ibarra (1963) 60 Cal.2d 460, 463 [34 Cal.Rptr. 863, 386 P.2d 487].)
 [4] Finally, defendant claims that we must reverse the judgment because the trial court, after denying his motion to sever his trial from that of his codefendant, refused to delete codefendant's extrajudicial statement that the narcotics were in the closet of the apartment; he urges that her admission that she knew of the presence of narcotics in the closet tends to implicate him because he, as well as declarant, occupied the apartment. *568
 The United States Supreme Court has held that the introduction into evidence of a codefendant's extrajudicial statement which inculpates the defendant violates the defendant's Sixth Amendment right to confront the witnesses against him even though the jury is instructed not to consider the statement as evidence against him. (Bruton v. United States (1968) 391 U.S. 123 [20 L.Ed.2d 476, 88 S.Ct. 1620]; see People v. Aranda (1965) 63 Cal.2d 518 [47 Cal.Rptr. 353, 407 P.2d 265].) In Roberts v. Russell (1968) 392 U.S. 293 (per curiam) [20 L.Ed.2d 1100, 88 S.Ct. 1921] the court gave retroactive scope to the principle set forth in Bruton.
 Initially, we seriously question whether codefendant's statement carried the inculpating effect suggested by defendant. (Cf. People v. Aranda, supra, 63 Cal.2d 518, 530.) Even if the trial court should have concluded the statement (People v. Aranda, supra, at p. 531), however, we conclude that the People have proved "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." (Chapman v. California (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710, 87 S.Ct. 824].) [fn. 5] As we have noted above, the statement, if improperly considered as evidence against defendant (cf. People v. Talley (1967) 65 Cal.2d 830, 841 [56 Cal.Rptr. 492, 423 P.2d 564]), could provide at most an extremely tenuous basis for an inference of defendant's guilt. Furthermore, defendant's activities prior to the search, as observed by the testifying officers, his occupancy of the apartment in which the officers discovered the narcotics, and his remarks about the "rat" overwhelmingly demonstrate his culpable knowledge.
 The judgment is affirmed.
 Traynor, C. J., McComb, J., Peters, J., Mosk, J., Burke, J., and Sullivan, J., concurred.
NOTES
[fn. 1] 1. Defendant raises no Dorado contention on this appeal, and, as the instant trial began in February 1966, the principles set forth in Miranda v. Arizona (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], do not apply. (People v. Rollins (1967) 65 Cal.2d 681, 686-687 [56 Cal.Rptr. 293, 423 P.2d 221].)
[fn. 2] 2. Her statement was not offered or received as evidence against defendant Flores.
[fn. 3] 3. Defendant contends that the prosecution should have revealed the identity of the informers. The record shows no request by counsel for their names. (Cf. People v. McShann (1958) 50 Cal.2d 802, 808 [330 P.2d 33].) Furthermore, defendant cannot require the prosecution to name the informer merely for the purpose of defendant's challenge to the magistrate's determination of probable cause (People v. Keener, supra, 55 Cal.2d 714, 723 (disapproved on other grounds, People v. Butler, supra, 64 Cal.2d 842, 844-845); cf. Evid. Code, 1042, subd. (b)) and defendant does not contend that the informers would be material witnesses on the issue of his guilt. (Cf. People v. Garcia (1967) 67 Cal.2d 830 [64 Cal.Rptr. 110, 434 P.2d 366].)
[fn. 4] 4. Defendant's sole objection to the admissibility of the evidence was that the affidavit did not establish probable cause for the issuance of the search warrant. Moreover, defendant did not question Officer Camacho as to whether he attempted to give notice of his authority and purpose before entering the apartment.
[fn. 5] 5. The improper admission into evidence of a codefendant's extrajudicial statement does not automatically require reversal of the defendant's conviction. As the United States Supreme Court pointed out in Bruton, "Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions. ..." (Bruton v. United States, supra 391 U.S. 123, 135 [20 L.E.2d at p. 484]; see also People v. Johnson, post, p. 646 [68 Cal.Rptr. 599, 441 P.2d 111].)