[Crim. No. 749. Fifth Dist. June 24, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT WILLIAM AKERS, Defendant and Appellant.

## COUNSEL

Armstrong & Wilbur and Robert W. Armstrong for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Craig B. Stalker, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**COAKLEY, J.** — By jury verdict, appellant was convicted of receiving stolen property, to wit, airplane parts (Pen. Code, § 496), and was acquitted of airplane theft (Pen. Code, § 499d). He was sentenced to prison and placed on probation for three years, provided he serve one year in the custody of the Kern County sheriff. Appellant does not challenge the sufficiency of the evidence to sustain the conviction. To do so would be futile as the evidence establishes guilt conclusively. Accordingly, we limit our discussion of the facts to those which are pertinent to the issues raised on this appeal.

### ISSUES

I. ▆▆▆ *Was the affidavit in support of the search warrant sufficient to permit issuance of the warrant?* Yes.

Appellant contends that the affidavit was insufficient to meet the requirement of probable cause, and that therefore it was error to admit evidence seized pursuant to the warrant.

The evidence in question, i.e., airplane parts, was seized by peace officers on the premises owned and occupied by appellant. The officers were armed with a search warrant authorizing them to search for and to seize a specifically described airplane, located on and within particularly described premises. It was stipulated that all of the airplane parts found by the officers at the premises described in the affidavit and warrant were parts of the stolen airplane described therein.

The appellant attacks the sufficiency of the affidavit, contending that it fails to allege facts from which the magistrate who issued the warrant could determine that the informant relied on by the affiant, a deputy sheriff named Williams, was a reliable informant.

The fallacy of appellant's contention is that the police did not rely solely on the information received from Rudy McDaniel, the 16-year-old informant. Officer Williams' affidavit clearly disclosed that substantially all the information received from McDaniel was confirmed by other reliable sources, i.e., the State Bureau of Criminal Identification and Investigation and the Los Angeles Police Department. The affidavit in this case does the following:

(1) It describes with particularity the premises to be searched and the property to be seized. (See U.S. Const., Amend. IV; Cal. Const., art. I, § 19; Pen. Code, § 1525; *People* v. *Scoma,* 71 Cal.2d 332 [78 Cal.Rptr.

491, 455 P.2d 419].) The stolen airplane was described as a Bonanza with white and green trim. Other details were set forth, including serial numbers of the motor, fuel pump, tires and altimeter.

(2) It recites that on the day prior to the execution of the affidavit, Rudy McDaniel told a named officer of the Bakersfield Police Department that a week earlier he had seen an airplane in a shed located on appellant's property; that while in the shed he assisted the appellant in removing identification numbers from the wings; that the appellant told him the airplane had been stolen; that the appellant told him the airplane was a new single-wing, single-engine airplane with a speed capacity of 270 miles per hour; that the wings were a light color with two green stripes trimmed with gold near the tips of the wings; that the appellant told him the airplane was supercharged. As required of such affidavits, these statements of the informer, McDaniel, are statements of fact, not conclusions (*Giordenello* v. *United States*, 357 U.S. 480 [2 L.Ed.2d 1503, 78 S.Ct. 1245]). That they are hearsay present no problems so long as they are factual in nature (*People* v. *Scoma, supra*, 71 Cal.2d 332, 336).

(3) It then recites that the sheriff's office contacted C.I.I., which "reported a stolen airplane described above." This reference, obviously, was to the Bonanza airplane with white and green trim, and with serial numbers as set out in the affidavit. The affidavit next recited that the sheriff's office contacted the Los Angeles Police Department by telephone; that that department called the owner of the stolen airplane and was advised by said owner that the stolen airplane was a new 1967 Bonanza, capable of speeds up to 250 miles per hour; that it was turbo-charged and that it had markings on the wings as "above described," i.e., as described in the affidavit.

The above-described portion of the affidavit sets forth facts which disclose that the Bakersfield Police Department and the Kern County Sheriff's Department did not rely solely on the information received from McDaniel, but made an independent check and inquiry of C.I.I. and of the Los Angeles Police Department for verification of McDaniel's statement. The information supplied by these two agencies corroborated the information received from McDaniel.

Thus, Officer Williams' affidavit meets the so-called two-pronged test of *Aguilar* v. *Texas*, 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509], *People* v. *Hamilton*, 71 Cal.2d 176 [77 Cal.Rptr. 785, 454 P.2d 681], and *People* v. *Scoma, supra*, 71 Cal.2d 332, viz.:

(1) The statement of the informer must be factual in nature rather than conclusionary, and it must indicate that the informer had personal knowledge of the facts related; and

(2) The affidavit must contain some underlying factual information from which the issuing judge can reasonably conclude that the information supplied by the informer was reliable. (See *People* v. *Scoma, supra,* 71 Cal.2d 332, 336, fn. 3.)

█ Provided that the two-pronged test is met, it is not necessary that the affidavit recite reliance upon *a reliable informant.* (*People* v. *Flores,* 68 Cal.2d 563, 566 [68 Cal.Rptr. 161, 440 P.2d 233].) The reasonableness of reliance on information supplied by an informer may be shown by information furnished from other sources, in this case from two law enforcement agencies. (*Willson* v. *Superior Court,* 46 Cal.2d 291, 295 [294 P.2d 36].)

█ The fact that one item of information furnished by McDaniel was inaccurate does not render the affidavit invalid where, as here, it was accurate in its several other particulars. Nor are the police required to confirm every detail of the information supplied by an informer. It is sufficient that the informer has proved reliable in the past or that, on the basis of information supplied from other reliable sources, the reliance on the informer's statements is reasonable.

█ We hold, therefore, that the affidavit was sufficient and that the evidence of the stolen airplane parts was admissible.

II. █ *Was the search of appellant's pickup unreasonable, and the admission in evidence of the fruits of that search prejudicial error?* No.

The search of the premises described in the warrant commenced at approximately 7:30 p.m. Shortly thereafter, the officers found some airplane parts, including a supercharged engine without an identification plate, inside one of the buildings on the premises described in the warrant. At approximately 8 p.m., appellant arrived driving a pickup. He was advised of his constitutional rights, questioned about the airplane parts found by the officers, and placed under arrest. About 30 minutes later, Officer Person of the Fresno County sheriff's office, who accompanied officers of the Los Angeles Police Department, Kern County Sheriff's Department, and Bakersfield Police Department to the premises, searched appellant's pickup. Officer Person testified that he made the search because he was looking for serial number tags from sacks of alfalfa seed stolen in Fresno, and also because he found some .38 caliber ammunition in the pat down of the

appellant following his arrest and thought there might be a gun in the pickup. He testified that the pickup was within his sight at all times; that the door of the pickup was open as he approached it; that from outside the pickup, through its open door, he saw a loaded pistol under the seat; that he then looked in the glove compartment for other weapons or evidence, e.g., serial number tags. There he found a receipt for the rental of a U-Haul truck. The receipt indicated that a truck had been rented to Robert Hyfield on March 27, 1968. This was the day following the theft of the Bonanza airplane in Los Angeles County.

The truck was located and examined for evidence connecting it with the stolen airplane. An expert witness testified for the prosecution that certain paint transfers on the U-Haul truck bore similarities to the paint used on the stolen airplane. Appellant's expert testified to the contrary. The bed of the truck was long enough to readily accommodate the wings of the stolen Bonanza.

It was the prosecution's theory that the truck was used to transport the wings. Hyfield, to whom the rental receipt was issued, testified that the truck was not used to haul the airplane or its parts. The appellent strenuously objected to the introduction of any evidence obtained by, or as the result of, Officer Person's search of his pickup.

The search warrant made no reference to a pickup. However, it did describe and call for the seizure of 248 sacks of alfalfa seed, packed in 100-pound sacks, and gave the lot number of the seed. Officer Williams' affidavit recited that Rudy McDaniel had informed him that he had assisted appellant in transporting approximately 250, 100-pound sacks of alfalfa seed to a boxcar located on the premises described in the affidavit. The affidavit further recited that, on contacting C.I.I., the Kern County Sheriff's Department was informed that 248 sacks of alfalfa seed had been stolen from the Fresno area.

As with the airplane parts, the affidavit was sufficient to justify the magistrate in issuing a warrant to search the described premises for approximately 250 sacks of alfalfa seed. (See discussion and citations, *supra.*) Probable cause for arrest was established by the information furnished by Rudy McDaniel, the C.I.I., the Los Angeles Police Department, and by the discovery of parts of the stolen airplane in the shed on appellant's ranch. The issue is whether the search of appellant's pickup after his arrest and pat down was a lawful search. The pickup was searched 30 minutes after appellant parked it some 75 feet from the point of arrest. The pickup was parked and the arrest was made on appellant's premises, and the pickup was in sight of the arresting officers at all times.

This was a pre-*Chimel* search.[1] In *People* v. *Edwards,* 71 Cal.2d 1096 [80 Cal.Rptr. 633, 458 P.2d 713], the court held that *Chimel* was not retroactive. Therefore, the propriety of the search of the pickup must be judged in light of the controlling law on search and seizure at the time of the search, i.e., April 11, 1968.

■ A search is considered to be incidental to an arrest when it is confined to the premises where the arrest is made, is contemporaneous with the arrest, has a definite object, and is reasonable in scope (*People* v. *Cruz,* 61 Cal.2d 861, 866 [40 Cal.Rptr. 841, 395 P.2d 889]). There is no question that the search of the appellant's person was proper since it followed his lawful arrest (*People* v. *Ross,* 67 Cal.2d 64, 69 [60 Cal.Rptr. 254, 429 P.2d 606]). ■ This search disclosed ammunition for a .38 caliber pistol, and it was reasonable for the officer to assume that a weapon taking such ammunition could be found in the pickup.

In *People* v. *Naughton,* 270 Cal.App.2d 1, 12 [75 Cal.Rptr. 451], the court observed that: "Searches of a car generally contemporaneous with the arrest and parked in the vicinity of a defendant's place of apprehension have been upheld as incidental to the arrest." (See also *People* v. *Fritz,* 253 Cal.App.2d 7, 14-16 [61 Cal.Rptr. 247].) This rule has been applied where the arrest was made in a store and the arrestee's car was searched more than an hour later in an adjacent parking lot (*People* v. *Green,* 235 Cal.App.2d 506, 513-514 [45 Cal.Rptr. 371]); where the arrest was made in a hotel room and the car parked outside was searched (*People* v. *Burke,* 208 Cal.App.2d 149, 158 [24 Cal.Rptr. 912]; and where the arrest was made in a house and the car parked 50-60 feet away was searched (*People* v. *Daily,* 157 Cal.App.2d 649, 653 [321 P.2d 469]).

Thus, Officer Person's search of the pickup was incidental to the arrest since it was generally contemporaneous with the arrest and in close proximity to the place of apprehension. In addition, the search had a definite object and was reasonable in scope. The officer observed a loaded pistol under the seat of the pickup which led him to believe that there might be other weapons in the vehicle. He searched the glove compartment with this thought in mind, and also for the purpose of discovering evidence relating to the theft of the alfalfa seed. The search warrant gave the lot number of the stolen seed and discovery of the serial number tags in the glove compartment would have implicated the appellant in the theft. This was not a general exploratory search as contended by the appellant.

In view of the above, the search of the pickup was incidental to the

---

[1]*Chimel* v. *California,* 395 U.S. 752 [23 L.Ed.2d 685, 89 S.Ct. 2034], decided June 23, 1969.

appellant's arrest, and the U-Haul receipt which was found in the search was properly admitted in evidence (*People* v. *Naughton, supra,* 270 Cal.App.2d 1, 12; *People* v. *Fritz, supra,* 253 Cal.App.2d 7, 14-16).

■ Assuming, arguendo, that the search was not a lawful search and that the evidence resulting therefrom was improperly admitted, we nevertheless hold that such error does not require a reversal.

The only evidence introduced as a result of the search that touched upon the crime for which appellant was convicted, i.e., receiving stolen property, was the testimony of the prosecution's expert witness to the effect that there were similarities between paint transfers from the U-Haul truck and the paint used on the stolen Bonanza. His testimony was disputed by the appellant's expert. This aspect of the case was minor and inconclusive.

Conclusively establishing appellant's guilt was the following: The direct testimony regarding the stolen parts which were found in appellant's possession; the absence of the identification plate from the engine; the removal of the stripes from the wing tips; the weakness of appellant's testimony regarding payment of $9,000 for the Bonanza parts to a man named Smith, at least $7,000 of which was in currency; and the strong web of circumstantial evidence. Smith was not produced as a witness. We have no difficulty, therefore, in declaring that the error, if any, was harmless beyond a reasonable doubt. (See *Chapman* v. *California,* 386 U.S. 18, 24 [17 L.Ed.2d 705, 710, 87 S.Ct. 824].) As the court noted in *People* v. *Washington,* 71 Cal.2d 1061, 1077-1078 [80 Cal.Rptr. 567, 458 P.2d 479], there are situations where error of constitutional proportions may be harmless. This is such a situation.

III. *Was the prosecuting attorney guilty of prejudicial misconduct?* No.

■ We have examined the record with respect to the prosecutor's questions concerning one Harry Murtz which were asked of both prosecution and defense witnesses. No useful purpose will be served by discussing each, seriatim. Suffice it to say that under the circumstances the prosecutor was guilty of misconduct of the character which invites reversal. While condemning the prosecutor's conduct in his questions concerning Harry Murtz, we do not reverse the judgment for these reasons:

No objection was made until several witnesses had been asked a question or questions concerning Murtz. When counsel for appellant ultimately interposed an objection, it was sustained and there was no further reference to Harry Murtz. The law is well settled that in most cases failure

to object is fatal to a later claim of misconduct. (*People* v. *Lyons,* 50 Cal.2d 245, 262 [324 P.2d 556].)

Further, were the case a close one on the facts and circumstances establishing appellant's guilt we would be compelled to reverse because of the prosecutor's misconduct. But the question of guilt is not close. As noted, the evidence of guilt is conclusive. This is the second and more important reason for holding that the misconduct was not prejudicial and that the judgment must be affirmed. (See Cal. Const., art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243]; *People* v. *Bray,* 222 Cal.App.2d 40, 43-44 [34 Cal.Rptr. 826].)

The judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 19, 1970.