[Crim. No. 11105. Third Dist. Nov. 5, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
NICK ZARAGOZA VILLA, Defendant and Appellant.

COUNSEL

Brian R. Katz, under appointment by the Court of Appeal, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Nancy Sweet and Clayton S. Tanaka, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

EVANS, Acting P. J.—Convicted of separate charges of rape (Pen. Code, § 261, subds. 2, 3),[1] oral copulation (§ 288a, subd. (c)), robbery

---

[1]All references are to the Penal Code unless otherwise specified.

(§ 211), burglary (§ 459), of having used a dangerous or deadly weapon (§ 12022, subd. (b)), and inflicting great bodily injury (§§ 12022.7, 12022.8) in the commission of those offenses, defendant appeals contending denial of his motions to stipulate the victim suffered great bodily injury, and to suppress evidence (§ 1538.5) requires reversal of the convictions. He is wrong.

Ms. Anna F., aged 65, who lived alone, was accosted in her backyard by an assailant who had been hiding beneath a bush.

A vicious struggle ensued during which Anna was violently punched in the face and body. Defendant brandished a pair of scissors and told her "'Don't holler 'cuz I'm going to kill you.'" However, the victim managed to hit defendant and scratch his face and neck. Defendant finally overpowered Anna, forced her into the garage where he raped her and forced her to orally copulate him. She was then forced to crawl back into her house where he robbed her of $38 in bills, plus some small change. While in the house Anna continued to struggle with the culprit and eventually "maced" him. He then fled the scene.

Anna received numerous contusions and fractured ribs as a result of the attack but managed to get to a neighbor's house and report the attack to the sheriff. She identified her attacker as a prowler she had reported at her residence about a month earlier, on March 1, 1980; at that time defendant had been arrested as the prowler by Deputy Sheriff Linares.

Following her report of the attack, Officer Linares monitored the radio report of the rape and description of the subject. Recalling the prowling arrest of March 1, 1980, Officer Linares radioed that the suspect's description matched that of defendant's.

Linares and other deputies went to defendant's residence, arriving at approximately 1:48 a.m. Linares knocked, and defendant's sister answered the door. She was told the purpose of their visit but because of her youth, defendant's mother came to the door. She was told of the earlier incident and that they wanted to speak with defendant. She stepped back, told them where defendant was sleeping, and allowed them to enter the house.

Defendant was found, lying on his bed, awake. His clothing matched the description given by Anna, and he had recent scratch marks on his

face and neck. With this information, defendant was arrested. No physical evidence other than defendant's clothing was seized.

## I

■ Defendant relies on *People* v. *Hall* (1980) 28 Cal.3d 143 [167 Cal.Rptr. 844, 616 P.2d 826], in support of his contention that the trial court's denial of his motion to stipulate to great bodily injury was an abuse of discretion resulting in the use of unduly prejudicial evidence against him. *People* v. *Hall, supra*, is not apposite.

*Hall* dealt with a robbery (§ 211) prosecution where defendant was also charged as an ex-felon in possession of a concealed firearm (§ 12021).

Under Evidence Code section 350 "[n]o evidence is admissible except relevant evidence," and relevant evidence is defined as that which has "any tendency in reason to prove or disprove any disputed fact that is of consequence to the determination of the action" (Evid. Code, § 210). In *Hall* the court stated: "[I]f a defendant offers to admit the existence of an element of a charged offense, the prosecutor must accept that offer and refrain from introducing evidence of other crimes to prove that element to the jury." (*Hall, supra*, 28 Cal.3d at p. 152.) *Hall* concluded "This court has no choice but to hold that in a prosecution for violating section 12021 the element of a *prior conviction* of a felony may not be given to a jury if the accused stipulates to it. This rule applies unless the state can clearly demonstrate that its application will *legitimately* impair the prosecutor's case or preclude presentation of alternate theories of guilt. No opinion is expressed on the application of this rule to any other section of the Penal Code." (*Hall, supra*, at p. 156. Italics added and italics in original; fn. omitted.)

In this instance, we are not dealing with evidence of a conviction of a prior crime (i.e., prior felony) but rather a violation of section 12022.8 for infliction of great bodily injury during a forcible rape. The evidence was also necessary to prove that a violent attack supplied the element of force as well as the identity of the suspect, and the corroboration of the victim's testimony. ""[A] prosecutor is not required to stipulate to the existence of any elements of the crime he is attempting to prove where the stipulation will impair the effectiveness of the prosecutor's case. . . ."" (*People* v. *Goss* (1980) 105 Cal.App.3d 542, 550 [166 Cal.

Rptr. 1]; *People* v. *Robles* (1970) 2 Cal.3d 205, 213 [85 Cal.Rptr. 166, 466 P.2d 710].)

Evidence Code section 352 vests the trial court with broad discretion to weigh the prejudicial effects of the proffered evidence against its probative value. (*People* v. *Pierce* (1979) 24 Cal.3d 199, 211 [155 Cal. Rptr. 657, 595 P.2d 91].) The record supports the trial court's decision to deny defendant's motion. (See also *People* v. *Orozco* (1981) 114 Cal.App.3d 435 [170 Cal.Rptr. 604]; *People* v. *Demond* (1976) 59 Cal.App.3d 574 [130 Cal.Rptr. 590]; *People* v. *Arline* (1970) 13 Cal. App.3d 200 [91 Cal.Rptr. 520].)

## II

Defendant claims his warrantless arrest in his home was invalid citing *People* v. *Ramey* (1976) 16 Cal.3d 263 [127 Cal.Rptr. 629, 545 P.2d 1333], which held "warrantless arrests within the home are per se unreasonable in the absence of exigent circumstances." (*Id.*, at p. 276.)

Voluntary consent is recognized as justification for a warrantless arrest in the home. "The question of the voluntariness of the consent is to be determined in the first instance by the trier of fact; and in that stage of the process, 'The power to judge credibility of witnesses, resolve conflicts in testimony, weigh evidence and draw factual inferences, is vested in the trial court. On appeal all presumptions favor proper exercise of that power, and the trial court's findings—whether express or implied—must be upheld if supported by substantial evidence.'" (*People* v. *James* (1977) 19 Cal.3d 99, 107 [137 Cal.Rptr. 447, 561 P.2d 1135].)

Although there was some conflicting testimony between Officer Linares' account of the entry and that of defendant's sister, the record overwhelmingly supports the trial court's decision.

Finally, defendant raises for the first time on appeal that if consent was given, the arrest exceeded the scope of the consent.

Assuming defendant could overcome the hurdle imposed by *People* v. *Flores* (1968) 68 Cal.2d 563, 567 [68 Cal.Rptr. 161, 440 P.2d 233], "that errors not challenged at trial cannot serve as the grounds for reversal on appeal," his assertion is nevertheless without merit. Defendant correctly asserts that the right to enter is limited to the

scope of the consent given. A right to enter for the purpose of talking with a suspect is not a consent to enter and effect an arrest. (*In re Johnny V.* (1978) 85 Cal.App.3d 120, 130 [149 Cal.Rptr. 180].)

 Here the evidence disclosed the entry was for the purpose of investigating the earlier incident. There was no evidence of subterfuge at the time consent to enter was given. The court agreed that upon arriving at defendant's residence, probable cause did not exist to arrest and not until the defendant's clothing and facial scratches matched the description given by the victim was there probable cause. At that time exigent circumstances, i.e., probability of flight or destruction of evidence, required immediate action. (See *People* v. *Ramey, supra*, 16 Cal.3d at p. 276.)

The judgment is affirmed.

Reynoso, J., and Blease, J., concurred.