Ernest Vivallava **PINEDA**, Petitioner and Appellant,

v.

Walter E. **CRAVEN**, Warden of the California State Prison at Folsom, Respondent and Appellee.

**No. 23767.**

United States Court of Appeals, Ninth Circuit.

March 16, 1970.

Rehearing Denied April 27, 1970.

---

Sheldon Portman (argued), San Jose, Cal., for appellant.

Jack R. Winkler (argued), Deputy Atty. Gen., Thomas C. Lynch, Atty. Gen., State of Cal., Sacramento, Cal., for appellee.

Before MERRILL, KOELSCH, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Pineda, a California prisoner, appeals from an order of the district court denying his habeas petition without an evidentiary hearing.

In his habeas petition, filed pursuant to 28 U.S.C. § 2241, Pineda attacked his 1964 conviction for possession of heroin and his 1951 conviction for possession of marihuana. He claimed that his 1964 conviction resulted from the introduction against him of evidence that was the product of an illegal search and that his 1951 conviction (used to enhance punishment for the 1964 offense) was ob-

tained in violation of his Sixth Amendment right to counsel. The district court denied relief because "the California appellate court affirmed the judgment against petitioner, and since this court agrees with the correctness of that court's judgment, petitioner is not entitled as a matter of law to the relief he here seeks."

The dispute on appeal is not about the legality of the search that produced the evidence used to convict Pineda in 1964. The search was conducted pursuant to a search warrant that failed to meet the test of Aguilar v. Texas (1964) 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. The issue is whether Pineda's federal habeas remedy is foreclosed by reason of his failure to raise his Fourth Amendment claim at the time of trial or on direct appeal in California. We hold that the issue is not foreclosed on the face of the record and that Pineda was entitled to an evidentiary hearing upon the questions of whether he bypassed or waived his Fourth Amendment claim.

 At the time Pineda pursued and exhausted his state remedies, the California rule was that the failure of a defendant to raise the question of the legality of the search and seizure before judgment had been entered foreclosed the issue on both direct and collateral attack, unless the objection could have been sustained only by reference to cases yet to be determined at the time of trial. (People v. Pineda (1967) 253 Cal.App. 2d 443, 62 Cal.Rptr. 144.) That California contemporaneous objection rule is a "procedural" rule (Henry v. Mississippi (1965) 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408), and, as such, it will not be considered as a state ground adequate to foreclose review of the Fourth Amendment claim on federal habeas (Fay v. Noia (1963) 372 U.S. 391, 398–399, 83 S.Ct. 822, 9 L.Ed.2d 837).[1] Kaufman v. United States (1969) 394 U.S. 217, 89

S.Ct. 1068, 22 L.Ed.2d 227, underlined that, for this purpose, no distinction can be drawn between claimed violations of rights secured by the Fourth Amendment and those secured by the Fifth and Sixth Amendments. (Cf. Warden, Md. Penitentiary v. Hayden (1967) 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782; Henry v. Mississippi, supra.)

 The failure to assert his Fourth Amendment claim at the time of trial or on direct appeal does not foreclose Pineda's federal habeas attack unless that failure was the result of a deliberate bypass or a waiver, complying with the standard of Johnson v. Zerbst (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. In Fay v. Noia, supra, the Court held that a federal habeas court can deny all relief "after the federal court has satisfied itself, by holding a hearing or some other means," that the petitioner "knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or other reasons that can fairly be described as the deliberate by passing of state procedures." (372 U.S. at 438–439, 83 S.Ct. at 439.) But a federal habeas court cannot resolve the factual questions inherent in determining bypass or waiver simply by examining the facts recited and the conclusions reached in a state appellate opinion concerning petitioner's claims. (United States ex rel. Jennings v. Ragen (1959) 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296; Chester v. California (9th Cir. 1966) 355 F.2d 778; Pike v. Dickson (9th Cir. 1963) 323 F.2d 856; Chavez v. Dickson (9th Cir. 1960) 280 F.2d 727.) When the state court has not held an evidentiary hearing and has not thereafter reliably found the facts affecting the federal constitutional claim, the federal habeas court must hold its own evidentiary hearing and itself find the relevant facts. (Townsend v. Sain (1963) 372

1. Although there is some speculation that the Supreme Court may have retreated from the unqualified rejection of the adequate state ground doctrine as a basis for denying federal habeas relief (see Hill, "The Inadequate State Ground" (1965) 65 Colum.L.Rev. 943, 997), we have found nothing to persuade us that the principles and approach adopted in Fay no longer control.

U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770, codified and in some respects expanded in 28 U.S.C. § 2254, as amended in 1966.)

 Pineda never received an evidentiary hearing on the merits of his claim or upon the question of bypass. The only evidence bearing on the foreclosure issue is an affidavit of his trial counsel presented to the state trial court in an effort to secure a new trial after the time had expired within which to move for a new trial. In the affidavit, trial counsel explained that he had not objected to the warrant "solely because affiant believed that the California law on search warrants on the date of the trial afforded no defense as to the warrant." In other words, trial counsel did not know about Aguilar v. Texas, *supra,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and he did not anticipate People v. West (1965) 237 Cal.App.2d 801, 47 Cal.Rptr. 341. There is nothing strategic or tactical about ignorance, and neither a deliberate bypass nor a waiver could be based on such evidence, even if it were introduced by way of testimony at an evidentiary hearing. (Newhouse v. Misterly (9th Cir. 1969) 415 F.2d 514; *cf.* United States ex rel. Henderson v. Brierley (E.D.Pa.1969) 300 F.Supp. 638.) He is entitled to his evidentiary hearing on remand to the district court.

 Pineda attacks his 1951 conviction on the ground that he did not knowingly and understandingly waive counsel; therefore, the conviction cannot constitutionally be used to enhance his punishment. (Burgett v. Texas (1967) 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.) On this issue, unlike the Fourth Amendment claim, the state court afforded him a full and fair evidentiary hearing. When he was resentenced, the issue was decided against him, and that decision was affirmed on appeal. (People v. Pineda, *supra,* 253 Cal.App.2d at 473–480, 62 Cal.Rptr. 144.) The district court properly noted that that determination was presumptively correct. (28 U.S.C. § 2254(d).) We see no reason to upset that determination.

The order is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

### On Petition for Rehearing and for Rehearing in Banc

PER CURIAM:

The panel as constituted in the above case has voted to deny the petition for rehearing and to reject the suggestion for a rehearing in banc.

In his petition appellee contends that our opinion is contrary to the holding of this court in Kuhl v. United States, 370 F.2d 20 (9th Cir. 1966). *Kuhl* is distinguishable.

There the very existence of the right allegedly waived was founded on a disputed proposition of law. The question was whether we should, on collateral attack of the judgment under § 2255, entertain the dispute and resolve it. Trial counsel had been aware of the fact that his side of the dispute was arguable, yet had deliberately refrained from presenting it to the trial court. Under the circumstances we decided that the issue had been waived.

Here we are not called on to decide a question that counsel had deliberately refrained from asking the trial court to decide. The question here is whether the right to challenge the search warrant under Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), which unquestionably was applicable, was knowingly waived. It is clear that it was not.

The full court has been advised of the suggestion for an in banc hearing, and no judge of the court has requested a vote on the suggestion for rehearing in banc. Fed.R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for a rehearing in banc is rejected.