Arthur Chavez ZAVALA, Appellant,

v.

Walter E. CRAVEN, Appellee.

No. 24755.

United States Court of Appeals,
Ninth Circuit.

Nov. 6, 1970.

---

Arthur Chavez Zavala, in pro. per.

Thomas C. Lynch, Atty. Gen., Derald E. Granberg, Horace Wheatley, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before BARNES, HAMLEY, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Zavala appeals from an order denying him leave to file in forma pauperis a habeas petition challenging his state court conviction for violating sections 11500.5 and 11530 of the California Health and Safety Code (possession of heroin for sale and possession of marihuana).

The district court denied Zavala leave to file on the ground that an order denying a prior federal habeas petition barred his present application under the res judicata doctrine. The prior petition raised similar issues to those presented in the application here rejected, namely, a claim that his conviction was the result of the introduction of evidence seized in violation of his Fourth and Fourteenth Amendment rights and that the failure of his trial counsel to object to the introduction of such evidence and the failure of appellate counsel to raise the issue on direct appeal deprived him of the effective assistance of counsel. The earlier order denied relief, without reaching the merits and without an evidentiary hearing, because Zavala named the People of the State of California as respondent instead of naming the warden, and because Zavala's failure to raise the issues on direct appeal from his conviction was deemed a bypass of his available state remedies.

The res judicata doctrine does not apply to successive applications for habeas. But the Supreme Court in Sanders v. United States (1963) 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 laid down the principles controlling successive applications for habeas and successive section 2255 motions. Unless the second or successive application for habeas relief is shown, on the basis of the application, files, and records of the case alone, conclusively to be without merit, "[c]ontrolling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." (373 U.S. at 15, 83 S.Ct. at 1077.)

The face of Zavala's prior habeas petition, together with the underlying record, did not demonstrate that his basic claims were conclusively without merit. He attacked the legality of the search on two grounds: (1) the affidavit supporting the issuance of a search warrant was inadequate, and (2) in executing the warrant, the police made a forcible entry without notice of their purpose and authority, in violation of section 1531 of the California Penal Code. His first attack is frivolous; the

affidavit fully complied with the requirements of Spinelli v. United States (1969) 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637 and Aguilar v. Texas (1964) 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Trial counsel could not be faulted for failure to challenge the warrant. But the record of Zavala's trial does show a violation of section 1531, and the contention that counsel's failure to raise the issue at trial evidenced incompetency is not frivolous. (*Cf.* Sabbath v. United States (1968) 391 U.S. 585, 88 S.Ct. 1755, 20 L.Ed.2d 828 (interpreting 18 U.S.C. § 3109, a mirror image of Cal.Pen.Code § 1531); People v. Rosales (1968) 68 Cal. 2d 299, 66 Cal.Rptr. 1, 437 P.2d 489.)

■ The prior habeas petition and the accompanying record raised an issue of fact concerning bypass of available state remedies. The district court denying the petition did not hold an evidentiary hearing, nor did the court deny the petition "on the basis that the files and records conclusively resolved" that issue. (Sanders v. United States, *supra*, 373 U.S. at 16, 83 S.Ct. at 1077.) Indeed, it could not properly have denied the petition on the latter basis, because there has never been an evidentiary hearing on the issue in the state court, and the state record shows no more than a routine denial of relief on direct appeal by the California court applying California's contemporaneous objection rule. Under these circumstances, the prior federal habeas court did not adjudicate the factual issue on the merits. (373 U.S. at 16, 83 S.Ct. 1068.)

Accordingly, we hold that Zavala is not foreclosed from pursuing his present application and, under the rule of Pineda v. Craven (9th Cir. 1970) 424 F.2d 369, he is entitled to an evidentiary hearing upon the issues raised and upon the question whether he knowingly and deliberately bypassed available state remedies.

The order is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.