Ernest Vivallava **PINEDA**, Petitioner-Appellant,

v.

Walter E. **CRAVEN**, Warden, Respondent-Appellee.

No. 71-2219.

United States Court of Appeals, Ninth Circuit.

Sept. 21, 1972.

Sheldon Portman (argued), San Jose, Cal., for petitioner-appellant.

George R. Nock (argued), Karl S. Mayer, Evelle J. Younger, Atty. Gen., San Francisco, Cal., for respondent-appellee.

Before CHAMBERS, KOELSCH and CARTER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court denying relief under 28 U.S.C. § 2243, following an evidentiary hearing. The case has been here before, Pineda v. Craven (9 Cir. 1970) 424 F.2d 369.

The case raises questions as to (1) the validity of a warrantless arrest in a home on probable cause for possession of narcotics, (2) the effect of failure to give notice of entry into the home, (3) whether Pineda was denied effective assistance by counsel, and (4) the validity of a 1951 conviction. The judgment is affirmed on the basis of the trial court's opinion. Pineda v. Craven, 327 F.Supp. 1062 (1971).

We add the following. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), cited by both parties, was decided after the decision below. It is conceded by the parties that the discussion of warrantless entry to make an arrest on probable cause was dictum and Justice Harlan's opinion stated "[T]he Court again leaves the issue open." Id. p. 492, 91 S.Ct. p. 2051. *Coolidge* does not solve the problem.

Pineda continues to complain about his 1951 conviction. Its validity was an issue in the first hearing in the District Court. In reversing and ordering an evidentiary hearing on other issues, this court in Pineda v. Craven (424 F.2d 369, 372) upheld the validity of the 1951 conviction.

We have reviewed the whole record of the state court proceedings and conclude that the factual determinations there made are well supported by the record.

The judgment is affirmed.