**UNITED STATES of America,
Appellee,**

v.

**Warren Harris GELLER, Appellant.**

**No. 73–1313.**

United States Court of Appeals,
Ninth Circuit.

June 15, 1973.

Michael S. Hegner, El Cajon, Cal., for appellant.

James L. Browning, Jr., U. S. Atty., P. Stellee Langford, Chief, Crim. Div., Janet Aitken, Asst. U. S. Attys., San Francisco, Cal., for appellee.

OPINION

Before CHAMBERS and ELY, Circuit Judges, and MURRAY,* District Judge.

PER CURIAM:

Geller was convicted of violating 21 U.S.C. Sec. 174, concealing cocaine that had been imported. Evidence presented at trial revealed that appellant arranged with Agents Horn and Parker of the Federal Bureau of Narcotics and Dangerous Drugs for a sale of cocaine that he brought in from La Paz, Bolivia. Parker met Geller in Berkeley, California, and the two drove in Geller's car to

---

* The Honorable W. D. Murray, Senior United States District Judge, District of Montana, sitting by designation.

pick up Elkins, a participant in the importation scheme. Appellant and Elkins were arrested prior to any sale and the cocaine was found in Elkins' backpack. Geller filed a timely notice of appeal, so this court has jurisdiction. 28 U.S.C. Secs. 1291, 1294.

Initially, we note that there was sufficient evidence to support the jury's conclusion that the cocaine had been imported. Agent Parker testified that Geller admitted to him that the contraband was brought in from La Paz, Bolivia, strapped to Geller's body.

During cross-examination of Agent Parker, Geller's attorney asked him what Elkins said when the two were arrested. Parker replied that Elkins stated that the cocaine belonged to Geller. On redirect examination, Parker was asked to tell exactly what Elkins said, so Parker explained that he was told that appellant obtained the contraband in La Paz. Geller's attorney objected to this statement as hearsay, but the trial court correctly overruled him. Appellant had explored this area on cross-examination and cannot complain when the prosecution later inquired about the exact words used. See Isaac v. United States, 431 F.2d 11 (9th Cir. 1970); United States v. White, 377 F.2d 908 (4th Cir. 1967).

Appellant's final contention is that post-indictment delay denied him his right to a speedy trial. Geller was indicted on April 21, 1971, but no action was taken pending state charges arising from the same events. Those charges were dismissed in February, 1972, yet Geller was not rearrested on the federal charge until July. There is conflicting evidence of whether or not federal agents tried to find appellant during this period. Appellant attempts to show prejudice from the delay by claiming that some character witnesses could not be found and that coparticipant Elkins was not available for trial. Under Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), each case is looked at in its own particular setting to see if the delay is improper. Of importance are the length of delay and reasons for the inaction, with special attention being paid to any prejudice that the appellant may have suffered. United States v. Bray, 442 F.2d 1064 (9th Cir. 1971). Geller made no showing that his missing witnesses would aid his case or that Elkins would testify in his favor. Under the facts of this case, no prejudice can be found.

Accordingly, the judgment of the district court is affirmed. Bail is revoked effective now.