[Crim. No. 5339. Fourth Dist., Div. One. Aug. 21, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
ARTHUR RAYMOND PAINE, Defendant and Appellant.

## COUNSEL

Harold F. Tyvoll, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Harley D. Mayfield and Richard D. Garske, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**—Arthur Raymond Paine appeals from a judgment, after trial by the court, convicting him on seven counts of passing fictitious checks (Pen. Code, § 476).

Paine does not question the sufficiency of the evidence in support of the judgment. He does challenge the use of certain documents belonging to him for handwriting comparison as being a violation of his Fifth Amendment privilege against compulsory self-incrimination.

In order to compare Paine's handwriting with the handwriting on the fictitious checks in its possession, the prosecution sought, and obtained, a court order compelling Paine to provide handwriting exemplars. This order was proper (*United States* v. *Mara,* 410 U.S. 19 [35 L.Ed.2d 99, 93 S.Ct. 774]), and is not challenged on this appeal.

Paine, however, refused to provide exemplars and the court found him to be in contempt. Because of Paine's recalcitrance, the prosecutor moved the court to compel the sheriff to turn over certain papers in the sheriff's possession belonging to Paine so they could be used in comparing handwriting. After having been advised of this motion, but before the motion could be heard, Paine's attorney secured the release of Paine's papers from

the sheriff. (In fairness, we hasten to note Paine was not represented by his appellate counsel in proceedings below.)

Having been frustrated by the defendant and his attorney, the prosecutor moved the court for an order compelling the defense attorney to turn Paine's papers over to the prosecutor for handwriting comparison. Defense counsel resisted the motion primarily on the ground of attorney-client privilege, a theory properly rejected by the court and not urged on this appeal. The court granted the motion with the important limitation the documents "be only used for the purpose of comparison of handwriting and not for the substance therein, either for this case or any other case." There is no contention the documents were used in violation of the restrictions imposed by the court.

Paine contends his Fifth Amendment privilege not to incriminate himself was violated when he was forced to turn over his papers to be used against him. No search and seizure issue was raised below or urged on appeal, nor do we perceive such an attack could have been successful (*United States* v. *Mara, supra,* 410 U.S. 19, 22 [35 L.Ed.2d 99, 103, 93 S.Ct. 774, 776]).

Paine concedes the furnishing of a handwriting exemplar for comparison purposes does not offend the Fifth Amendment since it provides a physical characteristic rather than a testimonial communication (*Gilbert* v. *California,* 388 U.S. 263, 266-267 [18 L.Ed.2d 1178, 1182-1183, 87 S.Ct. 1951, 1953]). He contends, however, there is a distinction between furnishing an exemplar and furnishing papers because the personal papers would only be relevant if it could be established they were in the handwriting of the accused. He argues that by complying with an order to produce the papers, he furnished evidence of identity by providing evidence he possessed the papers. The contention is without merit since the prosecution still bore the burden of showing the papers contained the accused's handwriting. Possession does not establish that fact since it is not unusual for one to have papers in his possession written by others.

In *United States* v. *Mara, supra,* 410 U.S. 19, 22, footnote [35 L.Ed.2d 99, 103, 93 S.Ct. 774, 776] the court recognized that even a court-ordered exemplar might violate the Fifth Amendment, noting: "If the Government should seek more than the physical characteristics of the witness' handwriting—if, for example, it should seek to obtain written answers to incriminating questions or a signature on an incriminating statement — then, of course, the witness could assert his Fifth Amendment privilege against compulsory self-incrimination."

The limitations so wisely imposed on the use of the documents by the court below removed whatever testimonial communication which may have been contained in the papers from use against Paine in any case. Because of this, the limited use made of the papers no more offended the Fifth Amendment than would have the exemplar ordered by the court, had Paine complied with that order. We emphasize both the use restriction contained in the order and the fact Paine refused to comply with the lawful order he provide a handwriting exemplar.

Judgment affirmed.

A petition for a rehearing was denied September 4, 1973, and appellant's petition for a hearing by the Supreme Court was denied October 18, 1973.