**Arthur Raymond PAINE, Petitioner,**

v.

**Daniel J. McCARTHY, Superintendent, California Men's Colony, Respondent.**

**No. 74–2867.**

United States Court of Appeals, Ninth Circuit.

Dec. 8, 1975.

Certiorari Denied March 8, 1976. See 96 S.Ct. 1434.

George L. Schraer, Berkeley, Cal., for petitioner.

Evelle J. Younger, Atty. Gen., State of Cal., San Diego, Cal., for respondent.

## OPINION

Before BARNES, SNEED and KENNEDY, Circuit Judges.

### PER CURIAM:

This appeal is taken from the dismissal of a petition for habeas corpus which was sought pursuant to 28 U.S.C. § 2254. Paine was convicted in a California superior court on charges of passing fictitious payroll checks. His petition attacked the constitutionality of a ten-month delay in bringing his case to trial and the superior court's order that his attorney produce certain private papers for use as a handwriting exemplar. The district court rejected both of these contentions on the merits and alternatively found.

that Paine had deliberately bypassed state appellate review of his speedy trial claim. We disagree with the deliberate bypass finding but affirm the district court's judgment on the merits of the petition.

### The Bypass Issue

The passing of fictitious checks occurred in September 1971, and a criminal complaint against Paine was issued in November 1971. He was brought to trial and convicted in September 1972. Shortly before trial, Paine moved for dismissal under the state's speedy trial statute, Cal.Penal Code § 1381 (West Supp. 1975). The superior court conducted a hearing and found that Paine did not present a demand for trial until June 1972, and that this was within 90 days of the trial date as required by statute.

Paine appealed his conviction without raising the claim that he was denied a speedy trial. There is evidence that Paine knew a claim was possible under the federal constitution, as well as the California statute, and that he wrote his attorney urging appeal on this basis. The attorney advised against raising the speedy trial issue on direct appeal, and Paine tried unsuccessfully to present this issue in state habeas corpus proceedings.

The district court held that Paine had deliberately bypassed state appellate review of his speedy trial claim. That court has discretion to deny relief only when there has been a clear showing that the petitioner knowingly chose to forego seeking to vindicate his rights in state court. *Fay v. Noia,* 372 U.S. 391, 438–39, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). As the district court recognized, such a knowing choice does not occur when an attorney frustrates his client's desire to have an issue presented on appeal. *Id.* at 439, 83 S.Ct. 822.

Nevertheless, the district court concluded that the attorney had not frustrated Paine's intentions. The court considered three letters attached to Paine's pleadings. Two of the letters were from Paine to his attorney, urging the speedy trial claim. The third letter was the at-

torney's response. The court found that this third letter indicated "the attorney had not closed his mind" on the speedy trial issue. Then the court concluded from the absence of further correspondence that Paine "accepted his attorney's judgment" that this ground for appeal would be futile and agreed that it should not be taken.

■ We do not agree with the trial court's conclusion. Deliberate bypass must be established by a reliable fact-finding process and a clear showing. *Pineda v. Craven*, 424 F.2d 369, 371–72 (9th Cir. 1970). This follows from the Supreme Court's holding in *Fay v. Noia* that to establish deliberate bypass the court must "satisf[y] itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default." 372 U.S. at 439, 83 S.Ct. at 849. Our review of the record, particularly of the correspondence between Paine and his attorney, convinces us that a finding of deliberate bypass would not be proper in this case. Accordingly, we consider whether plaintiff's constitutional rights were violated by the delay in trial or by the order to produce his personal papers.

*The Speedy Trial Issue*

Despite its finding of deliberate bypass, the district court concluded on the merits as well that there had been no denial of the federal constitutional right to a speedy trial. A summary of the factors relevant to this issue is set forth in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ (1) *Length of delay.* As the district court observed, a ten-month delay is long enough to require a careful analysis of the other relevant factors. *See id.* at 530–31 & n. 31, 92 S.Ct. 2182.

■ (2) *Reason for the delay.* There is no evidence that the delay was inten-

tionally taken to harm the defendant. At least some of the delay was due to trial of the defendant on other charges in another county, but the time required for the other trial does not fully justify the entire delay experienced here.

■ (3) *Defendant's assertion of his right.* The superior court found that Paine did not make an effective demand for trial until seven months after he was charged. Of course, the failure to make an effective demand under the California statute is not dispositive of the federal constitutional right. *See id.* at 524–29, 92 S.Ct. 2182. However, it is a factor which in this case must be weighed against the petitioner's claim that he was denied a speedy trial.

■ (4) *Prejudice to the defendant.* Throughout the ten-month period, Paine was incarcerated on two other criminal cases and thus the delay in this case did not subject him to any additional pretrial confinement. Paine claims prejudice, however, in that the delay impaired his ability to present a defense. Certainly prejudice is obvious when delay results in death or disappearance of witnesses. *Id.* at 532, 92 S.Ct. 2182. However, we do not believe that Paine has shown that his inability to produce witnesses was in fact caused by the delay in bringing his case to trial.[1] Moreover, the case against Paine was overwhelming, resting on eyewitness testimony, fingerprints, and handwriting analysis. Thus we conclude that the elapse of ten months between the complaint and Paine's trial was not seriously prejudicial.

*The Private Papers Issue*

Prior to trial Paine was ordered by the superior court to provide a handwriting exemplar, and he refused. The district attorney then moved for the release of certain papers which were in possession of the sheriff from the time Paine was

---

1. Paine testified at trial that he was 150 miles away in Los Angeles at the time the checks were passed. However, he was unable to present as a witness any of the seven people in whose company he claimed to be during that two-day period. Paine testified that three of these witnesses had moved prior to the trial and that a fourth could not appear because of ill health. These allegations are not sufficient to establish prejudice. *See United States v. Geller*, 481 F.2d 275, 276 (9th Cir. 1973).

admitted to the county jail. Before the court could rule on the motion, Paine's attorney obtained the papers from the sheriff. The trial judge then ordered Paine's attorney to produce the papers. The papers were introduced as evidence for the limited purpose of comparing the handwriting with that on the fictitious checks. Paine's state appeal was based on his objection to the use of these papers at trial. The court of appeal considered and rejected his federal constitutional objection to this usage. *People v. Paine*, 33 Cal.App.3d 1048, 109 Cal.Rptr. 496 (1973).

There was no violation of the fourth amendment in this case. A reasonable court order to produce evidence or testify is not a search or seizure within the meaning of the fourth amendment. *See United States v. Dionisio*, 410 U.S. 1, 8–12, 93 S.Ct. 764, 35 L.Ed.2d 67 (1973) (grand jury proceeding); *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 195, 66 S.Ct. 494, 90 L.Ed. 614 (1946). Thus the order to compel production of the papers was invalid only if it violated some other constitutional provision.

Paine claims that the use of these papers violated the self-incrimination provision of the fifth amendment. It is well established that this privilege only attaches to testimonial or communicative evidence. Thus it is proper to compel a defendant to produce handwriting as evidence of its physical characteristics. *Gilbert v. California*, 388 U.S. 263, 266–67, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

Paine claims further that the trial court examined the content of the papers in order to determine that handwriting was his. The district court concluded that the trial judge could have inferred the authorship of the papers from the fact they had been in Paine's possession. Moreover, Paine himself testified during the trial that his was the writing on the papers. We conclude that the manner in which these papers was used did not violate Paine's constitutional privilege against self-incrimination.

Affirmed.

BARNES, Circuit Judge, concurs in the result.