DISTRICT ATTORNEYS — TRAVEL EXPENSES — CONTINUING LEGAL EDUCATION Reimbursement of district attorneys and assistant district attorneys for travel expenses incurred for the purpose of participating in continuing legal education programs within and without the State of Oklahoma is authorized by the provisions of 19 O.S. 215.24 [19-215.24] (1971). The Attorney General is in receipt of your letter wherein you request an opinion on the following question May district attorneys and assistant district attorneys be reimbursed for travel expenses incurred for the purpose of participating in continuing legal education programs within and without the State of Oklahoma? The statutory authority for reimbursement of travel expenses of district attorneys and assistants is 19 O.S. 215.24 [19-215.24] (1971), which provides: "A. Travel expenses for assistant district attorneys and their staffs incurred in the performance of actual and necessary official duties shall be paid by the county in which they serve upon approval of the county commissioners of said county. "B. Travel expenses for district attorneys, investigators, and all persons in district attorneys offices other than those included in subsection A incurred in performance of actual and necessary official duties shall be paid from funds appropriated by the Legislature. The Attorney General shall allocate to the district attorney offices the funds appropriated in such manner as he deems equitable." Prior to the creation of the office of district attorney in 1965, the travel expenses of the then county attorney and his assistants came within the purview of 19 O.S. 180.47 [19-180.47] (1971). Although 19 O.S. 180.47 [19-180.47] (1971) limited reimbursements to travel within the state, 19 O.S. 214.24 [19-214.24] (1971) contains no such geographic limitation. It would, therefore, appear that reimbursable expenses may relate to travel within or without the State of Oklahoma. However, the travel expenses must have been incurred in the performance of "actual and necessary official duties." The issue then revolves around the question of whether or not continuing legal education can be categorized an actual and necessary official duty and reimbursable as such. Black's Law Dictionary defines "necessary" as follows: "This word must be considered in the connection in which it is used, as it is a word susceptible of various meanings. It may import absolute physical necessity or inevitability, or it may import that which is only convenient, useful, appropriate, suitable, proper, or conducive to the end sought. It is an adjective expressing degrees, and may express mere convenience or that which is indispensable or an absolute physical necessity. It may mean something which in the accomplishment of a given object cannot be dispensed with, or it may mean something reasonably useful and proper, and of greater or lesser benefit or convenience, and its force and meaning must be determined with relation to the particular object sought." Citing Kay County Excise Board v. Atchison, T S. F. R. Co., Okl., 91 P.2d 1087 (1939). "Necessary" is liberally construed in Kay County Excise Board v. Atchison, T. S. F. Railway Company, supra. After numerous definitions of the word "necessary," the Court stated that ". . . the Legislature did not intend to so restrict such Board as to limit expenses only for things indispensable to the maintenance and operation of its public school system; and we conclude that such expenses as are convenient, useful, appropriate, suitable, proper, or conducive to the desired ends of the general program, and to the conduct of such school system, are authorized to be incurred thereunder, in the discretion of the Board, unless otherwise restricted by law." It would, therefore, appear that the Oklahoma Supreme Court defines "necessary" rather flexibly and not as an absolute term. Accordingly, continuing legal education could be encompassed within the term of "necessary official duties." The Oklahoma Supreme Court adopted the Code of Professional Responsibility of the American Bar Association, effective January 1, 1970. Canon 6 of said Code, as amended February 24, 1970, provides that "a lawyer should represent a client competently." Further, Ethical Consideration 6-1 states that "because of its vital role in the legal process, a lawyer should act with competence and proper care in representing clients. He should strive to become and remain proficient in his practice and should accept employment only in matters which he is or is to become competent to handle." Ethical Consideration 6-2 provides that "a lawyer is aided in attaining and maintaining his competence by keeping abreast of current legal literature and developments, participating in continuing legal education programs. . ." The applicable disciplinary rules, found at 5 O.S. App [5-App]. 3 (1971), DR6-101, provide as follows: "A. A lawyer shall not: (1) Handle a legal matter which he knows or should know that he is not competent to handle, without associating with him a lawyer who is competent to handle it. (2) Handle a legal matter without preparation adequate in the circumstances. (3) Neglect a legal matter entrusted to him." "Competent" is defined in Black's Law Dictionary as "duly qualified; answering all requirements; having sufficient ability or authority; possessing the requisite natural or legal qualifications; . . ." Therefore, it would appear that in order to fulfill Ethical Considerations 6-1 and 6-2, and to comply with 5 O.S. App [5-App]. 3, (1971) DR6-101, and to remain duly qualified and competent to handle various legal matters within the purview of the district attorney's office, such district attorneys and assistant district attorneys should be encouraged to attend pertinent seminars and continuing legal education programs. In Smith v. Lewis, Ca.,530 P.2d 589 (1975), an action for legal malpractice, the Court held that it was malpractice for an attorney to fail to research points of law. The Court therein stated: ". . . An attorney does not ordinarily guarantee the soundness of his opinion and, accordingly, is not liable for every mistake he may make in his practice. He is expected, however, to possess knowledge of the plain and elementary principles of law which are commonly known by well-informed attorneys, and to discuss those additional rules of law which, although not commonly known, may readily be found by standard research techniques." (Emphasis added) The California Supreme Court continued: "We recognize, of course, that an attorney engaging in litigation may have occasion to choose, among various alternative strategies available to his client, one of which may be to refrain from pressing a debatable point because potential benefit may not equal detriment in terms of expenditure at times and resources or because of calculated tactics to the advantage of his client. But, as the Ninth Circuit put it somewhat brutally in Pineda v. Craven, (9th Cir. 1970), 424 F.2d 369, 372: 'There is nothing strategic or tactical about ignorance.' " Pursuant to 19 O.S. 215.4 [19-215.4] (1971), it is the duty of the district attorney and his assistants to appear in all trial courts and prosecute all actions for crimes that are committed in his district, and to prosecute or defend in all courts, state and federal, and in any county in this state, all civil actions or proceedings in which any county in his district is interested or a party. It is, further, the duty of the district attorney and his assistants, pursuant to 19 O.S. 215.5 [19-215.5] (1971), to give opinions and advice to the Board of County Commissioners and other officers of his county when requested by such officers and boards upon all matters in which any of the counties of his district are interested. Since these duties are defined by statute, it would appear that they would naturally be actual and necessary official duties. In order for them to carry out these duties competently, it may be necessary to continue to participate in legal education seminars. As such, these seminars would become a part of necessary official duties, and, therefore, travel expenses would be reimbursable for such. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Reimbursement of district attorneys and assistant district attorneys for travel expenses incurred for the purpose of participating in continuing legal education programs within and without the State of Oklahoma is authorized by the provisions of 19 O.S. 215.24 [19-215.24] (1971). (MARVIN C. EMERSON) (ksg)