859 F.2d 155
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Arthur Calvin WILSON, Petitioner-Appellant,
v.
John HALLAHAN, et. al., Respondents-Appellees.
 No. 87-2536.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1988.*
Decided Sept. 15, 1988.
 Before FLETCHER, PREGERSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur Calvin Wilson, an Arizona state prisoner appeals pro se the district court's judgment dismissing his petition for a writ of habeas corpus for failure to exhaust his state remedies. We affirm.
 
 BACKGROUND
 
 3
 Wilson was convicted of armed robbery in 1973 and given a fifteen to twenty-five year sentence. He was released on parole June 7, 1978, and absconded from parole supervision on November 2, 1981. Wilson was arrested on December 7, 1981. The Arizona Board of Pardons and Paroles (the Board) forfeited two years and three months of credit Wilson had received against his sentence for "street time"--time that he had spent on parole.
 
 
 4
 Wilson was paroled again on October 17, 1984; on April 22, 1986, his parole was again revoked. The Board forfeited an additional four months of Wilson's "street time."
 
 
 5
 Wilson sought state relief through a post-conviction petition under Ariz.R.Crim.P. 32.1 on the ground that the Board illegally forfeited his street time. The Arizona Superior Court denied Wilson's petition. Following that denial, Wilson's appointed counsel, Suzanne Laursen, withdrew from Wilson's case. Laursen advised Wilson that he could pursue his claims further by filing a motion for rehearing under Ariz.R.Crim.P.Rule 32.9, and that if his motion for rehearing was denied, he could file a petition for review with the state court of appeals. Wilson did file a motion for rehearing with the Superior Court, which was denied. Wilson did not appeal this denial.
 
 
 6
 Wilson then filed a petition in federal district court for a writ of habeas corpus under 28 U.S.C. Sec. 2254 seeking relief on the ground that the Board's forfeiture of his street time violated the double jeopardy and due process clauses. The district court dismissed Wilson's petition on the ground that Wilson failed to appeal the Superior Court's denial of his Rule 32 motion, and thus failed to exhaust his state remedies. Wilson timely appeals.
 
 DISCUSSION
 
 7
 The district court dismissed Wilson's habeas petition on the ground that he did not appeal the Superior Court's adverse judgment and thus had not exhausted his available state remedies.[1] Wilson contends he exhausted his available state remedies because his appointed counsel failed to pursue his appeal and "abandoned" him. This court reviews de novo the district court's dismissal of Wilson's petition. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986).
 
 
 8
 As a matter of comity, a federal court normally will not consider a habeas petition unless the petitioner has exhausted available state judicial remedies on every ground presented in the petition. See 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 518-22 (1982). A petitioner may satisfy the exhaustion requirement in either of two ways: (1) by presenting the highest state court with an opportunity to rule on the merits or (2) by demonstrating that at the time the federal court acts on the section 2254 habeas petition, no state remedies are available, and that he did not deliberately bypass state remedies. McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir.1986) (per curiam). The burden is on the petitioner to show exhaustion, and dismissal of the petition is proper where the record does not show that the exhaustion requirement has been met. See Carthwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir.1982) (per curiam).
 
 
 9
 Here, the record does not show that Wilson presented his claims to the Arizona Supreme Court, nor that he can no longer do so. Wilson himself appears to concede that he did not appeal the Superior Court's denial of his motion for rehearing. Wilson argues, however, that his appointed counsel's withdrawal from his case excuses this failure to appeal.
 
 
 10
 It is unclear whether Wilson's Rule 32 motion raised the same claims as he now presents in his federal habeas petition. In either case, however, Wilson still possesses available state remedies. If Wilson's Rule 32 motion did raise the same claims, he can exhaust these claims by appealing the denial of his motion for rehearing with the state court of appeals. Ariz.R.Crim.P. 32.9(c). Although Rule 32.9(c) provides for a ten-day time limit within which to file such a petition, the time limits of Rule 32 are not jurisdictional. See State v. Pope, 130 Ariz. 253, 256, 635 P.2d 846, 849 (1981). Hence, Wilson could still invoke the Rule 32.9 procedures.
 
 
 11
 If Wilson's Rule 32 motion presented claims other than those presented in his federal petition, he can exhaust these claims by presenting them to the Arizona courts by means of a second Rule 32 motion. The Arizona Rules provide that any ground available to a petitioner at the time of his first petition that was not raised then will be presumed waived in a second petition. Ariz.R.Crim.P. 32.10. Nevertheless, Wilson may attempt to rebut this presumption. See id. The Arizona court may permit him to raise those claims in a subsequent petition if it finds that Wilson had reasonable grounds for omitting the matters from his original petition. See id.
 
 
 12
 Given the possibility that the Arizona courts may still consider Wilson's claims, Wilson has failed to demonstrate that his case falls within the futility exception to the exhaustion rule. See Gardner v. Pritchess, 731 F.2d 637, 639-40 (9th Cir.1984). Because Wilson possesses available state remedies that he has yet to exhaust, the district court correctly dismissed Wilson's petition.[2]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3
 
 
 [1]
 Although the district court addressed the merits of the petition, this court need not do so because Wilson's failure to exhaust is clear. See Rose v. Lundy, 455 U.S. 509, 510 (1982) (every claim must be exhausted before federal court may consider merits of petition)
 
 
 [2]
 If Wilson at one time could have brought his claims before the Arizona Supreme Court but is now barred from doing so, he would have procedurally defaulted on those claims. See Batchelor v. Cupp, 693 F.2d 859, 862-63 (9th Cir.), cert. denied, 463 U.S. 1212 (1983). This court has recently determined that the cause and prejudice standard of Wainwright v. Sykes, 433 U.S. 72, 87 (1977), applies to procedural defaults that take the form of a petitioner's failure to appeal the denial of his post-conviction relief to the state supreme court. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 907-08 (9th Cir.1986). An earlier decision of this court involving counsel's failure to take a direct appeal applied the deliberate bypass standard of Fay v. Noia, 372 U.S. 391, 438-39 (1963), to determine that because counsel ignored the defendant's repeated requests to pursue an appeal the failure to present the issue to the highest state court would not bar consideration of the defendant's federal petition. See Paine v. McCarthy, 527 F.2d 173, 176 (9th Cir.1975) (per curiam), cert. denied, 424 U.S. 957 (1976). Whether counsel's failure to place Wilson's post-conviction claims before the state court of appeals constitutes sufficient cause to meet the Wainwright standard need not be addressed in light of the remaining availability of state remedies