IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1996 SESSION



FILED

March 27, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| DONNIE E. JOHNSON, | ) | |
| | ) | |
| Appellant, | ) | No. 02C01-9111-CR-00237 |
| | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable L. T. Lafferty, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

James V. Ball
217 Exchange Avenue
Memphis, TN 38115
   and
Dwight Duncan
5507 Winchester Road
Memphis, TN 38115
(AT TRIAL)

Paul J. Morrow, Jr.
1505 Compton Avenue
Nashville, TN 37212
(ON APPEAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
   and
Kathy Morante
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

John W. Pierotti, Jr.
District Attorney General
   and
Janet Shipman
Assistant District Attorney General
201 Poplar Avenue
Memphis, TN 38103-1947

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

This capital post-conviction case was remanded to us by the Tennessee Supreme Court for reconsideration in light of its opinion in House v. State, 911 S.W.2d 705 (Tenn. 1995), defining concepts of waiver and previous determination in the post-conviction context. The present case involves the petitioner's second petition for post-conviction relief from both his conviction for first degree murder of his wife and his resulting death penalty sentence. The Shelby County Criminal Court dismissed the petition without an evidentiary hearing, concluding that all grounds raised had been either waived or previously determined. In this court's first opinion, it reversed the trial court, holding that the concept of waiver of a ground for relief provided in T.C.A. § 40-30-112(b) allowed the petitioner to rebut the presumption of waiver by showing that he, personally, did not knowingly and understandingly forego the assertion of a ground at a previous post-conviction proceeding. Donnie Edward Johnson v. State, No. 02C01-9111-CR-00237, Shelby County (Tenn. Crim. App. Mar. 23, 1994). After rebriefing and reargument by the parties, we have concluded that the trial court's dismissal of the second petition was proper.

Given the detailed account of the history of the petitioner's case in this court's first opinion, we will provide only the basic circumstances relevant to our present decision. While the trial court had his first post-conviction case under advisement after evidentiary hearings, the petitioner filed his second pro se petition with an incorporated affidavit. In these and subsequent pleadings, he alleged numerous constitutional violations in the convicting, sentencing and appellate stages of his convicting case, including claimed instances of the ineffective assistance of counsel. Also, he alleged that counsel in his first post-conviction case ineffectively presented certain issues at the evidentiary hearing, improperly failed to raise some issues, and improperly refused to raise other issues even though the petitioner insisted upon their presentation.

2

In dismissing the second post-conviction case without an evidentiary hearing, the trial court concluded that some eight or nine claimed grounds, as categorized in the state's pleadings, had been previously determined, including the one for the ineffective assistance of counsel at the convicting trial, and that the remaining grounds had been waived. It indicated that a petitioner's claim that former post-conviction counsel was ineffective in the presentation of grounds or in failing to raise grounds did not present a basis for post-conviction relief.

# I

Under the statutes applicable to this case,[1] the scope of a post-conviction hearing extends to all grounds a petitioner may have except those which the trial court finds should be excluded because they have been waived or previously determined. T.C.A. § 40-30-111. Those terms are defined in T.C.A. § 40-30-112 as follows:

> When ground for relief is "previously determined" or "waived." -- (a) A ground for relief is "previously determined" if a court of competent jurisdiction has ruled on the merits after a full and fair hearing.
>
> (b)(1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.
>
> (2) There is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

In House v. State, our supreme court undertook a full analysis of these terms, noting that no previously reported Tennessee case had interpreted what constitutes a "full and fair hearing" for previous determination purposes or what standard of waiver is meant by our post-conviction law. 911 S.W.2d at 710, 713.

We need not repeat that analysis in this case, but the supreme court 's conclusions are controlling. As for previous determination, the court essentially

---

[1] For petitions filed after May 10, 1995, the Post-Conviction Procedure Act of 1995 controls. See T.C.A. §§ 40-30-201--222 (Supp. 1996).

determined that a full and fair hearing is provided when a petitioner is given an opportunity to present his or her constitutional claims at a meaningful time and in a meaningful manner, that is, without undue restriction of the scope of the hearing or undue limitation on the introduction or presentation of evidence. Id. at 711. In this respect, the court also concluded that because there is neither constitutional nor statutory right to the effective assistance of counsel in post-conviction proceedings, "a court should not consider the ineffectiveness of counsel at a prior post-conviction proceeding in deciding whether a ground for relief has been previously determined." Id. at 712.

As for waiver, the supreme court concluded that the standard to apply in post-conviction cases is an objective one that does not hinge upon the petitioner's personal decision. Save for certain fundamental constitutional trial rights,[2] a petitioner's ignorance or lack of personal decision does not matter and his or her counsel's action or inaction may be imputed to the petitioner as waiver. 911 S.W.2d at 713-14. Also, the supreme court held that ineffective assistance of prior post-conviction counsel does not rebut the presumption of waiver. Id. at 712.

II

Given House's conclusions, the petitioner's claims about the ineffectiveness, failures and refusals of counsel in his first post-conviction case neither refute previous determination of some grounds nor rebut the presumption of waiver as to other grounds. Further, he does not now specify the violation of any particular fundamental trial right that would require his personal waiver in a knowing and understood fashion.[3]

_____

[2] See, e.g., Carnley v. Cochran, 369 U.S. 506, 516-17, 82 S. Ct. 884, 890 (1962) (right to counsel); Duncan v. Louisiana, 391 U.S. 145, 148-49, 88 S. Ct. 1444, 1447 (1968) (right to trial by jury).

[3] We note that the state argues that the reference in House to fundamental trial rights requiring a defendant's personal waiver relates only to matters occurring in the convicting case and any resulting direct appeal. It asserts that the supreme court did not intend for the same requirement to extend from the first post-conviction case to the second. Given our decision in this case, we need not

4

Rather, the petitioner contends that the trial court in his first post-conviction case wrongly denied his requests to represent himself, which he claims was a fundamental right, particularly when he repeatedly notified the court in pro se pleadings and documents that counsel was not preparing properly, was failing to raise claims, and was even refusing to raise claims requested by him. He now argues that consequently, he cannot be held to have waived any grounds by what occurred in that case. The state responds that this claim has been waived, stating that the issue of self-representation "was never raised during the appeal from the dismissal of the first post-conviction petition." Also, it contends that, in any event, the merits of such a claim cannot be addressed until we determine that the presumption of waiver has been rebutted.

Contrary to the state's initial assertion, the petitioner did raise as error in the appeal of his first post-conviction case the trial court's failure to allow him to represent himself. However, although this court expressly stated that it would address this issue in its opinion, the opinion fails to contain any further mention of the issue or its relative merits. Donnie E. Johnson v. State, No. 61, Shelby County (Tenn. Crim. App. June 26, 1991), app. denied (Tenn. Mar. 8, 1993). The petitioner also raised the issue in his application for permission to appeal to the supreme court. In any event, the fact that this court affirmed the trial court's denial of relief and that the supreme court denied further review may be taken as a previous determination of this issue. Thus, as the state contends, the petitioner cannot now receive any benefit from a claim that he was improperly denied the right to represent himself in his first post-conviction case.[4]

_____

decide the merits of this contention.

[4] We also note that this court has previously held that there is neither a constitutional nor a statutory right for a post-conviction petitioner to represent him or herself. Cole v. State, 798 S.W.2d 261, 263 (Tenn. Crim. App. 1990). Although Cole indicates a common law right to self-representation exists, we do not believe that it is a fundamental right. In fact, given the nature of a post-conviction proceeding, including the typical imprisonment of the petitioner at a site distant from the forum court which necessarily limits investigation capability and nonevidentiary-hearing court appearances, we do not believe that a trial court is barred from appointing counsel if necessary to aid in the proper administration of justice. See, e.g., State v. Reeves, 610 S.W.2d 730, 731 (Tenn. Crim. App. 1980).

The petitioner's remaining arguments are attempts to show either that House was unwisely decided or that rejection of his claim of a personal waiver standard -- which he claims existed under T.C.A. § 40-30-112(b) before House -- violates his rights to due process of law, equal protection of law, and fundamental fairness. Obviously, we are bound to follow House. As for his constitutional claims, the petitioner's premise -- that the post-conviction waiver standard in Tennessee was a personal one before House -- is rather weak. We believe that there was no clear indication before House that the statute was interpreted to require personal waiver. In fact, as House indicates, the relevant case history reflects the opposite. 911 S.W.2d at 713; see, e.g., State v. Miller, 668 S.W.2d 281 (Tenn. 1984); Arthur v. State, 483 S.W.2d 95 (Tenn. 1972); Holiday v. State, 512 S.W.2d 953 (Tenn. Crim. App. 1972). Thus, as this court has previously noted, "House may very well represent a clarification of, as opposed to a change in, the law." Hugh Melson v. State, No. 02C01-9402-CR-00023, Madison County, order denying rehearing at 2 (Tenn. Crim. App. July 28, 1996). Under these circumstances, there is no constitutional problem with the application of House to this case.

Finally, the petitioner contends that as a matter of agency, counsel cannot waive a claim over the express objection of the petitioner. He refers to federal habeas corpus cases which he claims support his position. See, e.g., Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546 (1991); Wainwright v. Sykes, 433 U.S. 72, 93 n.1, 97 S. Ct. 2497, 2510 n.1 (1977) (Burger, C.J., concurring); Paine v. McCarthy, 527 F.2d 173, 175-76 (9th Cir. 1975). However, the references in Sykes and in Paine concern the "deliberate bypass" standard announced in Fay v. Noia, 372 U.S. 391, 438-39, 83 S. Ct. 822, 849 (1963), a standard rejected in Sykes and replaced with a cause and prejudice standard. Needless to say, House provides that the waiver standard under the post-conviction statutes was, and is, in no way limited to a deliberate bypass.

6

In Coleman, the Supreme Court concluded that in the federal habeas corpus context, a procedural default barrier to a claim is not overcome by the seriousness of counsel's error in not raising the claim previously, but by showing that counsel's conduct constituted a constitutional violation itself.

> Where a petitioner defaults a claim as a result of the denial of the right to effective assistance of counsel, the State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default and the harm to state interests that federal habeas review entails. A different allocation of costs is appropriate in those circumstances where the State has no responsibility to ensure that the petitioner was represented by competent counsel. As between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules. In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation, as [Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639 (1986)] says explicitly.

Coleman, 501 U.S. at 754, 111 S. Ct. at 2567. As previously noted, House states that there is neither a constitutional nor a statutory right to the effective assistance of counsel in Tennessee post-conviction proceedings. Thus, the deficient performance of post-conviction counsel that results in a procedural default of an issue in our state courts would not constitute cause for the federal courts to review on the merits a petitioner's habeas corpus claim on that same issue.

More importantly, House reflects that the supreme court intended the same reasoning used in Coleman to apply to our post-conviction cases. That is, the presumption of waiver will not be rebutted by counsel error that does not rise to the level of a constitutional violation itself. In this respect, the fact that counsel has refused to follow the petitioner's request does not mean that a constitutional violation has occurred. In his first post-conviction case, the petitioner requested and received the appointment of counsel. Although he sought counsel's removal and claimed that counsel was refusing to present grounds requested by him, the trial court denied his motion, a ruling affirmed on appeal. The case proceeded to three days of evidentiary hearings with some twenty-eight witnesses testifying. Obviously, post-conviction

counsel actively pursued relief for the petitioner. Under these circumstances, we conclude that this case presents nothing that would exempt it from the House holdings. Thus, counsel's decisions, even those opposite the wishes of the petitioner, are imputed to the petitioner for the purposes of waiver.

Under the foregoing analysis, we also conclude that there is no significance to the fact that the petitioner filed the post-conviction petition in this case while his first petition was pending decision in the trial court, although after the evidentiary hearing was concluded. The actions taken or not taken by and on behalf of the petitioner and the trial court's ultimate decisions in the first case resulted in grounds being determined or waived under House regardless of what other actions were then pending. In fact, given that the trial court refused to remove counsel and refused to allow the petitioner to act as counsel in the first case, we view the second petition to be an attempt to avoid the trial court's actions in the first case in order that the petitioner could present what he, not counsel, wanted to pursue. However, under House, the claims in the second petition could not negate the validity of the legal ramifications flowing from the first case, whose results were affirmed on appeal.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed. Having affirmed the denial of post-conviction relief, we establish a new execution date and direct that the sentence be carried out as provided by law on September 24, 1997, unless stayed or otherwise modified by appropriate authority.

_____
Joseph M. Tipton, Judge

CONCUR:


_____

8

Gary R. Wade, Judge

_____
William M. Barker, Judge

.